IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRITZ GASPARD**, and all other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>**ABRA AUTO BODY & GLASS, LP,**<br><br>    Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiff FRITZ GASPARD ("Gaspard" or "Named Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendant ABRA AUTO BODY & BLASS, LP ("ABRA"), and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Named Plaintiff brings this lawsuit against Defendant as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

1

3. Beginning in approximately July 2016, and continuing to in or about August 2017, Defendant engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt glass replacement duties for the Defendant in New Jersey and based from Defendant's locations in Glassboro, Gloucester County, New Jersey, as well as Marlton, Burlington County, New Jersey. Defendant is therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns, operates, and/or manages auto glass replacement and repair shops throughout the United States.

Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendant's consumers. Thus Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

### Plaintiff

10. Named Plaintiff Gaspard is an adult individual who is a resident of Sicklerville, New Jersey.

11. Named Plaintiff Gaspard was employed by Defendant full time as a laborer, performing duties in furtherance of Defendant's business, specifically, repair and replacement of auto glass, from in or about July, 2016, through in or about August, 2017.

### Corporate Defendant

12. ABRA is a foreign corporation with its headquarters in Brooklyn Park, MN 55428-1575.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant employs individuals to perform labor services on behalf of the Defendant.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15. At all times relevant to this Complaint, the Defendant was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

17. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendant.

18. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

20. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendant's actions.

21. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's shops.

22. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the

damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

24. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

25. Plaintiffs' claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

26. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

27. Based upon the information preliminarily available, and subject to discovery, beginning in approximately July 2016, and continuing to the present, Defendant employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their auto body and glass repair and replacement business.

28. Based upon the information preliminarily available, and subject to discovery, Defendant did not properly compensate Named Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

29. Named Plaintiff was initially paid on a piece rate basis.

30. Defendant did not accurately keep track of Plaintiff's hours.

31. Regardless of the number of hours that Plaintiff worked each and every week, he was not paid at time and one half of his regular rate for the hours over forty (40) that he worked.

32. Defendant automatically deducted thirty (30) minutes from Plaintiff and all other similarly situated employees' time each work day, regardless of whether they took lunch.

33. Approximately six (6) months after his employment with Defendant commenced Named Plaintiff was changed to an hourly wage employee.

34. Named Plaintiff Gaspard routinely worked five (5) to six (6) days per week.

35. Named Plaintiff worked approximately fifty (50) or more hours each week.

36. Named Plaintiff was not paid time and one half for his hours over forty (40) in a workweek.

37. Upon information and belief, employees similarly situated to Named Plaintiff were also not paid one and one half of their regular rate for hours that they worked in a work week in excess of forty (40), regardless of the number of hours that they worked each and every workweek.

38. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

39. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

40. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

41. Named Plaintiff re-alleges, and incorporates here by reference, all allegations

contained above.

42. Named Plaintiff is entitled to compensation at one and one half of his regular rate for each of his overtime hours worked each work week.

43. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

44. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

45. By reason of the said intentional, willful, and unlawful acts of Defendant, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

46. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. As a result of Defendant's willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

48. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

49. Defendant's aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendant willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendant.

50. As a direct and proximate cause of Defendant's actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

51. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: October 31, 2017         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Andrew I. Glenn
　　　　　　　　　　　　　　　　　　　　Andrew I. Glenn
　　　　　　　　　　　　　　　　　　　　Email: Aglenn@jaffeglenn.com
　　　　　　　　　　　　　　　　　　　　New Jersey Bar No.:  026491992
　　　　　　　　　　　　　　　　　　　　Jodi J. Jaffe, Esquire
　　　　　　　　　　　　　　　　　　　　E-mail: Jjaffe@JaffeGlenn.com
　　　　　　　　　　　　　　　　　　　　New Jersey Bar No.: 022351993
　　　　　　　　　　　　　　　　　　　　**JAFFE GLENN LAW GROUP, P.A.**
　　　　　　　　　　　　　　　　　　　　301 N. Harrison Street, Suite 9F, #306
　　　　　　　　　　　　　　　　　　　　Princeton, New Jersey 08540
　　　　　　　　　　　　　　　　　　　　Telephone: (201) 687-9977
　　　　　　　　　　　　　　　　　　　　Facsimile: (201) 595-0308
　　　　　　　　　　　　　　　　　　　　*Attorneys for Named Plaintiff and the Putative Class*